EDWARD B. CALLAHAN, APPELLANT, V. PATRICK POWERS ET AL., APPELLEES.

Creditor's Bill: EVIDENCE. In an action in the nature of a creditor's bill, the purpose of which was to subject real estate (the title to which was in the name of the infant son of the judgment debtor) to the payment of a judgment, the district court, upon the trial of the cause, found, specially, that no part of the purchase price of the property was paid by the judgment debtor. The testimony showed that the property was purchased by his wife, and paid for out of her separate earnings, and at her request the title was placed in the name of one of their children. At that time the wife was not indebted to the plaintiff or to any other person. It was *Held*, That the property was not subject to the payment of plaintiff's judgment, there being sufficient evidence to sustain the finding of the district court.

APPEAL from the district court of Douglas county. Heard below before WAKELEY, J.

*William A. Redick,* for appellant.

*John C. Cowin,* for appellees.

REESE, CH. J.

This action, which was instituted in the district court of Douglas county, was in the nature of a creditor's bill, the object and prayer of the petition being to have the real estate described therein declared subject to the payment of a judgment held by plaintiff against Patrick Powers.

It appears from the record that, in the year 1875, plaintiff recovered a judgment against said Patrick Powers, for the sum of $303.13, in the county court of Douglas county, and on the 1st of July, 1879, a transcript of said judgment was duly filed in the office of the clerk of the

district court of said county. On the 9th day of February, 1884, the judgment, having become dormant, was revived by proceedings in the district court. It remains unsatisfied and unpaid.

In June, 1877, Patrick Powers appears to have negotiated with John I. Redick, for the purchase of the two lots described in the petition, and in July, 1878, a deed was executed by Redick to John E. Powers. From Mr. Redick's testimony it appears that he had no acquaintance with or knowledge of John E. Powers, and that at the time of the sale and execution of the deed he supposed that John E. Powers was the person with whom he made the contract, but in fact, as it afterwards transpired, John E. was the infant son of Patrick.

It is claimed by plaintiff that Patrick purchased the property with his own means, and, for the purpose of defrauding his creditors, and especially plaintiff, caused the title to be conveyed to his son. It is shown by the testimony that, in the spring of 1880, a house was constructed on one of the lots, and has been occupied from that time until the present by Patrick Powers and his family, which consisted of his wife and three children, one of whom is John E. Powers.

The cause was tried to the district court, which found " upon the issues joined in favor of the defendant, and that no part of the consideration and purchase money paid or to be paid for the purchase of the property in controversy was the money or property of the said Patrick Powers, and that he paid no part thereof."

A decree was rendered dismissing the case, from which plaintiff appeals.

It is contended by plaintiff that, in the finding above quoted, the district court erred, as it is not supported by the evidence. This question is the only one which we deem it necessary to notice. We have carefully examined the testimony taken upon the trial, and are convinced that

the finding of fact alluded to is sustained thereby. It is shown that, prior to the purchase, Powers had been unsuccessful in business, and was somewhat involved. He was acting as night watchman in the city of Omaha, receiving for his services $9 or $10 per week. His wife was engaged in washing, and had accumulated of her earnings the sum of $80, which she had deposited in one of the banks in the city. It was suggested that they might purchase the lots described in the petition, and that she would be able to pay for them if sufficient time could be obtained, out of her individual earnings, her husband, Patrick, having been disabled, was unable to labor. Prior to the purchase she named as a condition precedent to the undertaking, that the title, when obtained, should be taken in the name of one of the children, in order that the home, should one be made, might be reserved for them. At that time she was not indebted to any person. By her direction her husband negotiated with Mr. Redick and made the purchase. The payments upon the lots were all made out of her separate earnings. The lumber for the construction of the dwelling-house was paid for by her, as was also the cost of the construction of the building. There is no proof that any part of the cost of the property was paid by Patrick. These facts are proven by the testimony of both Mr. and Mrs. Powers, which is strongly corroborated by other testimony, which we do not deem necessary to review here.

We are entirely satisfied with the finding of the district court upon this question. *Shortel v. Young,* 23 Neb., 408. This, we think, is decisive of the case, and we will not enter into the discussion of the other questions presented.

The decree of the district court is therefore affirmed.

DECREE AFFIRMED.

THE other judges concur.